IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| TIMOTHY G. CRAIG, #11305-171, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WARDEN FCI )<br>BENNETTSVILLE, )<br>)<br>Respondent. )<br>_____) | Civil Action No. 3:11-1423-HMH-JRM<br><br>**REPORT AND RECOMMENDATION** |

Petitioner, Timothy G. Craig ("Craig"), is an inmate at FCI-Bennettsville, serving a sentence of 292 months for conspiracy to distribute more than 50 grams of cocaine imposed by the Honorable Henry M. Herlong, now Senior United States District Judge on March 8, 2005 in United States v. Craig, 6:02-cr-0138. On June 10, 2011, Craig filed a *pro se* writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking that his sentence "be vacated and reimposed without the career offender designation." (Pet., 7). Respondent, the Warden of FCI-Bennettsville, filed a motion to dismiss on September 12, 2011, arguing that Craig's claim is not cognizable under § 2241. (Res.Mem., 9). Because Craig is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on September 15, 2011 advising him of his responsibility to respond to Respondent's motion. Craig filed a response on October 13, 2011. Pretrial matters in this case were

1

automatically referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Civil Rule 73.02(B)(2)(c) and (e) DSC.

**Background and Procedural History**[1]

Craig was convicted by a jury. He was represented by Michael A. MacKinnon, Esquire. At sentencing, the Court and counsel discussed whether a failure to stop for the blue light was a predicate offense for career offender status pursuant to U.S.S.G. § 4B1.1. The issue was apparently unresolved as the Court found that the guidelines overstated Craig's criminal history and granted him a downward departure.

The record shows that Mr. MacKinnon filed a notice of appeal, but the appeal was voluntarily withdrawn by Craig. Craig then filed a motion to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255. The Court dismissed the motion. Craig's motion to reconsider was granted in part to allow him to file a direct appeal with respect to his conviction and sentence. The Fourth Circuit affirmed the conviction. *See* United States v. Craig, 253 F.App'x 334, 2007 WL 3302111 (4th Cir. 2007).

Craig then filed another § 2255 motion asserting that he was improperly sentenced as a career offender. The motion was summarily dismissed as untimely on June 11, 2009. Craig then filed his present § 2241 petition.

**Grounds for Relief**

Citing Begay v. United States, 553 U.S. 137 (2008) and United States v. Rivers, 595 F.3d 558 (4th Cir. 2010), Craig asserts that he is entitled to resentencing because the South Carolina offense

---

[1] The undersigned has reviewed the electronic docket in United States v. Craig, in connection with the preparation of this Report and Recommendation.

of failure to stop for the blue light has been held not to be a crime of violence such that it is not a predicate offense for career offender status. *See* Id. at 565.

**Discussion**

Prior to the enactment of 28 U.S.C. § 2255, the only avenue a federal prisoner could take to collaterally attack his conviction was a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* Triestman v. United States, 124 F.3d 361, 373 (2nd Cir.1997). In 1948 Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. In doing so, Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners. Generally, motions brought under § 2255 attack the validity of a conviction or sentence, while petitions under § 2241 attack the execution of a sentence. *See* In re Vial, 115 F.3d 1192, 1194, n. 5 (4th Cir.1997) (en banc). A federal prisoner may also bring a § 2241 petition when a § 2255 motion is "inadequate or ineffective" to test the legality of his detention. *See* 28 U.S.C. § 2255(e). To demonstrate that § 2255 is inadequate or ineffective to test the legality of a conviction, the prisoner is required to show:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the validity of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re: Jones, 266 F.3d 328, 333-34 (4th Cir.2000).

Craig asserts that § 2241 is available to him under the "savings clause" contained in § 2255(e) as interpreted in Jones, Id., because the Fourth Circuit's holding in Rivers mandates that he is not a

career offender. The undersigned disagrees. The Honorable Joseph F. Anderson, Jr., United States District Judge, rejected an identical argument in Cooper v. Warden, 2011 WL 1113544 (D.S.C.). The Court held that the petitioner could not raise a challenge to his sentence in a § 2241 motion based on the Rivers decision, since it was an attack on the validity and legality of the sentence. The Court further found that § 2255 is not inadequate or ineffective simply because the petitioner had previously filed a § 2255 motion. Last the Court held that the *pro se* § 2241 petition could not be construed as a § 2255 motion because petitioner had not sought leave from the Fourth Circuit Court of Appeals to file a successive § 2255 motion as required by 28 U.S.C. § 2244 and § 2255.

## Conclusion

The undersigned therefore concludes that Petitioner's claim is not cognizable under § 2241. Further, Petitioner has not sought permission from the Fourth Circuit to file a successive § 2255 motion. It is therefore, recommended that Respondent's motion to dismiss be **granted**.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

June 25, 2012

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).